UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Elizabeth T. Foster, Attorney at Law, LLC
NJ Bar  009152006
22 E. Quackenbush Ave.
Dumont, NJ  07628
201 290 5761
201 215 9574 (fax)
liztlaw@gmail.com
Attorney for Plaintiff

-----------------------------------------------------x
SCOTT BIRNBAUM,                    :
an individual,                              :
                                                   :
               Plaintiff,                      :
                                                   :        Civ. No. _____
vs.                                               :
                                                   :
                                                   :
                                                   :
                                                   :
R. PERETTI, LLC,                   :
                                                   :
               Defendant.                 :
-----------------------------------------------------x

## COMPLAINT

Plaintiff, SCOTT BIRNBAUM, by and through his undersigned counsel, hereby files this Complaint and sues R. PERETTI, LLC (hereinafter referred to as "DEFENDANT"), for declaratory and injunctive relief, damages, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-5, and alleges:

## JURISDICTION AND PARTIES

1

1.     This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 *et seq.* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

3.     Plaintiff, SCOTT BIRNBAUM, (hereinafter referred to as "MR. BIRNBAUM"), is a resident of Union County, New Jersey. MR. BIRNBAUM resides at 41 Hillside Avenue, Springfield, New Jersey.

4.     MR. BIRNBAUM is a qualified individual with a disability under the ADA. MR. BIRNBAUM has been diagnosed with spina bifida.

5.     Due to his disability, MR. BIRNBAUM is substantially impaired in several major life activities and requires a wheelchair for mobility. Specifically, MR. BIRNBAUM is unable to walk, stand, or use his legs without assistance.

6.     Upon information and belief, DEFENDANT is a limited liability company incorporated in the State of New Jersey and authorized to do and doing business in Essex County, New Jersey.

7.     Alternatively, upon information and belief, DEFENDANT is a limited liability company organized in the state of New York and authorized to do and doing business in Essex County, New Jersey.

1)     Upon information and belief, DEFENDANT can be contacted at its registered agent located at:
              c/o Ruth Peretti
              64 ½ Chestnut Street
              Montclair, New Jersey 07042

2

8.   Alternatively, upon information and belief, DEFENDANT can also be contacted at its registered agent located at:

>   c/o Ruth Peretti
>   15 E. 94th Street #2B
>   New York, New York 10128

9.   Upon information and belief, DEFENDANT is the owner, lessee and/or operator of the real properties and improvements which is the subject of this action, to wit: Ruthie's Bar-B-Q and Pizza restaurant located at 64 1/2 Chestnut St, Montclair, New Jersey 07042. (hereinafter referred to as "the Property").

10.   Upon information and belief, the Property is also identifiable by the following address: 171 Forest Street, Montclair, New Jersey 07042.

11.   Upon information and belief, DEFENDANT operates the Property under Title III of the ADA.

12.   DEFENDANT is obligated to comply with the ADA.

13.   All events giving rise to this lawsuit occurred in Essex County, New Jersey.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

14.   MR. BIRNBAUM realleges and reavers Paragraphs 1 - 11 as if they were expressly restated herein.

15.   The Property is a place of public accommodation, subject to the ADA, generally located at: 64 1/2 Chestnut St, Montclair, NJ 07042.

16.     Upon information and belief, MR. BIRNBAUM has visited Property and desires to visit the Property again in the near future.

17.     MR. BIRNBAUM'S most recent visit to the Property prior to filing this original Complaint was on or about January 13, 2018.

18.     Prior to his visit to the Property, MR. BIRNBAUM called the restaurant on January 11, 2018 to inquire as to whether the property was accessible to wheelchair users. He was told that it was.

19.     Upon arriving at the Property, MR. BIRNBAUM experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers as discussed in Paragraph 25.

20.     Upon arrival at the Property, the staff at the restaurant brought out two 2 foot by 4 foot ("2x4") pieces of wood as a makeshift ramp. This makeshift ramp was not stable, did not have edge protection, and was dangerous. Mr. BIRNBAUM was not able to utilize the makeshift ramp without assistance.

21.     MR. BIRNBAUM continues to desire to visit the Property, but continues to experience serious difficulty due to the barriers discussed in Paragraph 25.

22.     MR. BIRNBAUM lives within a close geographic proximity of the Property. MR. BIRNBAUM lives fifteen miles from the Property.

23.     MR. BIRNBAUM intends to and will visit the Property to utilize the goods and services in the future, but fears that he will encounter the same barriers to access which are the subjects of this action.

4

24. Upon information and belief, DEFENDANT is in violation of 42 U.S.C. § 12181 *et seq*. and 28 C.F.R. § 36.302 *et seq*. and the Property is not accessible due to, but not limited to the following barriers which presently exist at the Property:

    I.    UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS ARE ALLEGED TO BE THE RESPONSIBILITY OF DEFENDANT:

        A.    There is no ramp to enter the Property;

        B.    The accessible routes within the Property are too narrow for a wheelchair to traverse;

        C.    The restrooms are too small for a wheelchair user to use; and

        D.    Other current mobility-related barriers and violations of the Americans with Disabilities Act to be identified after a complete inspection of the Property.

25. Upon information and belief, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

26. Upon information and belief, removal of the discriminatory barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANT.

27. Upon information and belief, removal of the barriers to access located on the Property would provide MR. BIRNBAUM with an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which are offered to the general public at the Property.

28.     Independent of his intent to return as a patron to the Property, MR. BIRNBAUM additionally intends to return as an ADA tester to determine whether the barriers to access stated herein have been remedied.

29.     MR. BIRNBAUM continues to desire to visit the Property, but will continue to experience serious difficulty until the barriers discussed in Paragraph 25 are removed.

30.     MR. BIRNBAUM intends to and will visit the Property to utilize the goods and services in the future, but fears that that DEFENDANT will continue to discriminate against him by failing to bring its Property into an accessible condition.

31.     MR. BIRNBAUM has been obligated to retain the undersigned counsel for the filing and prosecution of this action. MR. BIRNBAUM is entitled to have his reasonable attorneys' fees, costs, and litigation expenses paid by DEFENDANT, pursuant to 42 U.S.C. § 12205.

## COUNT II - VIOLATION OF NEW JERSEY LAW AGAINST DISCRIMINATION

32.     Plaintiff realleges all prior obligations as if fully set forth herein. Plaintiff repeats the allegations contained in all of the proceeding paragraphs.

29.     Defendant's facility is a place of public accommodation as defined by N.J.S.A. 10:5-5, (New Jersey Law Against Discrimination). New Jersey law provides that all persons shall have the opportunity to obtain all the accommodations, advantages, facilities and privileges of any place of public accommodation without discrimination on the basis of disability. This opportunity is recognized and declared to be a civil right. (See, N.J.S.A. 10:5-4.).

6

30. As a result of the aforementioned discrimination, MR. BIRNBAUM has sustained emotional distress, mental anguish and suffering, and invasion of his civil rights, in violation of the New Jersey Law Against Discrimination.

WHEREFORE, MR. BIRNBAUM demands judgment against DEFENDANT, and requests the following injunctive and declaratory relief:

A. That this Court declare that the Property owned, leased, and/or operated by DEFENDANT is in violation of the ADA;

B. That this Court enter an Order directing DEFENDANT to alter the Property to make it accessible to and useable by individuals with mobility disabilities to the full extent required by Title III of the ADA;

C. That this Court enter an Order awarding MR. BIRNBAUM damages, as provided for under N.J.S.A. 10:5-5;

D. That this Court enter an Order directing DEFENDANT to provide accessible policies and procedures related to disabled patrons and customers;

E. That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to MR. BIRNBAUM; and

F. That this Court award such other and further relief as it deems necessary, just and proper.

Dated: March 12, 2018                     Respectfully Submitted,

                                          /s/ Elizabeth T. Foster

7

Attorney for Plaintiff